IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| | * | |
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, | * | |
| and | * | Case No.: GJH-22-0961 |
| TRUSTEES OF THE NATIONAL ELECTRICAL ANNUITY PLAN, | * | |
| | * | |
| Plaintiffs, | | |
| v. | * | |
| LAUPER ELECTRICAL, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs Trustees of the National Electrical Benefit Fund ("NEBF") and Trustees of the National Electrical Annuity Plan ("NEAP") (collectively "Plaintiffs") bring this action against Defendant Lauper Electrical, LLC, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Defendant has failed to answer or otherwise defend in this action, and the Clerk entered default against Defendant on September 30, 2022. ECF No. 11. Now before the Court is Plaintiffs' Motion for Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiffs' Motion for Default Judgment is granted, and judgment against Defendant is awarded in the amount of $12,388.01 in favor of NEBF and $42,657.21 in favor of NEAP.

**I.    BACKGROUND**

The following facts are established by the Complaint, ECF No. 1, and evidentiary exhibits in support of the Motion for Default Judgment, *see* ECF No. 10-1; ECF No. 10-3; ECF No. 10-4; ECF No. 10-12; ECF No. 10-13. NEBF is a multiemployer employee pension benefit plan governed by ERISA, and NEAP is a multiemployer employee benefit plan governed by ERISA. ECF No. 1 ¶¶ 5–6. The plans are offered to employers through agreements with the International Brotherhood of Electrical Workers ("IBEW") or one of its affiliated local unions. *Id.* ¶ 7. Defendant Lauper Electric has a collective bargaining agreement with IBEW Local Union 139, which obligates Defendant to submit contributions to NEBF and NEAP on behalf of employees covered by the collective bargaining agreement. *Id.* ¶ 9.

On April 20, 2022, Plaintiffs filed a Complaint, asserting ERISA violations against Defendant for amounts owed for the period from March 2017 to April 2021. *Id.* at 7.[1] On April 26, 2022, Defendant was properly served. ECF No. 8. On July 26, 2022, Plaintiffs requested the Clerk of the Court to enter default against Defendant, ECF No. 9, which the Clerk entered on September 30, 2022, ECF No. 11. On July 26, 2022, Plaintiffs moved for default judgment and attorneys' fees. ECF No. 10.

**II.    STANDARD OF REVIEW**

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ.*

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party," *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Rule 54(c) limits the type of judgment that may be entered based on a party's default so that it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Further, while the Court may hold a hearing to prove damages, it is not required to do so. It may instead rely on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Tesco*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citation omitted).

### III.  DISCUSSION

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall ... make such contributions in accordance with the terms and conditions of such

plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. 1:14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015). Here, Plaintiffs allege that Defendant was obligated under the terms of the Collective Bargaining Agreements and Trust Agreements to make contributions to NEBF and NEAP but failed to do so during the period from March 2017 through April 2021. *See* ECF No. 1. According to a Delinquency Report for NEBF, unpaid contributions now total $7,090.63. ECF No. 10-12 at 3. Likewise, a Delinquency Report for NEAP shows unpaid contributions of $26,988.92. ECF No. 10-13 at 3. The Affidavit of Brian Killian, Compliance Manager for NEBF and NEAP, further establishes that Defendant underpaid NEBF and NEAP by the above-cited amounts. ECF No. 10-4 ¶¶ 12–13.

ERISA also provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
> > i. interest on the unpaid contributions, or
> >
> > ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Columbus Show Case Co.*, 2014 WL 3811252, at *4 (E.D. Va. Aug. 1, 2014); *Int'l Painters*, 919 F. Supp. 2d at 686; *Trustees of Plumbers & Pipefitters Nat.*

*Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL 6203001, at *4 (E.D. Va. Nov. 20, 2012). Thus, assuming the truth of the well-pleaded allegations in the Complaint, Plaintiffs have established Defendant's liability under the Collective Bargaining Agreements, the Trust Agreements, and section 502(g) of ERISA.

With regards to damages, the Court is limited in the amount it may award. Under Rule 54(c), judgment may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Although the damages sought in Plaintiffs' Motion for Default Judgment differ slightly in dollar amount than those sought in Plaintiff's Complaint, courts have found that "[w]here a complaint demands a specific amount of damages and unspecified additional amounts, ... so long as a defendant has notice that additional unspecified damages may be awarded if the case proceeds to judgment, general allegations in the complaint may suffice to support default judgment in an amount that is proven." *Nat'l Elec. Benefit Fund v. Allran/Hemmer Elec., LLC*, No. GJH-16-1184, 2017 WL 1273922, at *3 (D. Md. Jan. 6, 2017) (citation omitted).

In support of its request for damages, Plaintiffs submit the Delinquency Reports for the Defendant and the Affidavit of Brian Killian. *See* ECF No. 10-12; ECF No. 10-13; ECF No. 10-4. The Reports indicate that Defendant owes $7,090.63 to NEBF and $26,988.92 to NEAP in unpaid contributions. ECF No. 10-12 at 3; ECF No. 10-13 at 3. Killian attests that pursuant to the Trust Agreements and 29 U.S.C. § 1132(g)(2), NEBF and NEAP are each authorized to recover interest on delinquent contributions at a rate of ten percent per annum and liquidated damages in the amount of twenty percent of the delinquency. ECF No. 10-4 ¶ 14. Thus, in addition to the $7,090.63 in unpaid contributions to NEBF, Defendant owes $2,398.13 in interest on the delinquent contributions, and $1,418.15 in liquidated damages. ECF No 10-12 at 3; *see* 29

U.S.C. §§ 1132(g)(2)(A)–(C). Likewise, Defendant owes $26,988.92 in unpaid contributions to NEAP, plus $8,789.41 in interest and $5,397.78 in liquidated damages. ECF No. 10-13 at 3.

In support of Plaintiffs' request for attorneys' fees and costs in an amount of $1,888.40, Plaintiffs attach the Affidavit of Attorney Jennifer Bush Hawkins. ECF No. 10-1. Hawkins attests that $1,205.10 due to NEBF and NEAP, respectively, includes work completed by herself, an associate attorney, and a legal assistant, with breakdowns for the amount of time billed by each and their respective rates. ECF No. 10-1 at 3–4. The amount also includes a $402.00 filing fee and a $150.00 service of process fee. *Id.* at 4; *see also* ECF No. 10-3 at 1. The Court finds the time billed and hourly rates applied to be reasonable and commensurate with the Local Guidelines. Loc. R. App. B (D. Md. 2021). Therefore, the request will be granted in full. *See Trustees of Nat'l Elec. Benefit Fund v. D'Narpo Elec., LLC*, No. CV DKC 22-0963, 2022 WL 4608298, at *2 (D. Md. Sept. 30, 2022) (awarding attorneys' fees and expenses to same counsel for NEBF). Accordingly, Defendant owes $1,481.10 in attorneys' fees and costs to both NEBF and NEAP. *See* 29 U.S.C. § 1132(g)(2)(D).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment, ECF No. 10, is granted against Defendant in the total amount of $12,388.01 in favor of NEBF, and $42,657.21 in favor of NEAP. Additionally, post-judgment interest shall accrue until the judgment is satisfied, pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Date: <u>December  21, 2022</u>                       __/s/_____
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge